CHIN WAH v. COLWELL, U. S. Marshal.

(Circuit Court of Appeals, Ninth Circuit. May 15, 1911.)

No. 1,917.

1. ALIENS (§ 32*)—CHINESE DEPORTATION—BAIL.

Proceedings for deportation of Chinese aliens not being criminal in character, the general statutory provisions concerning bail in criminal cases do not apply thereto.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. § 32.*]

2. ALIENS (§ 32*) — CHINESE PERSONS — DEPORTATION PROCEEDINGS — BAIL — STATUTES—APPLICATION.

Act Cong. Nov. 3, 1893, c. 14, § 2, 28 Stat. 8 (U. S. Comp. St. 1901, p. 1322), regulating deportation of Chinese, and providing that, after determination by the District Court of an appeal from a deportation order, the order shall be executed by the marshal with all convenient dispatch, and pending such execution the Chinese person shall remain in the marshal's custody and shall not be admitted to bail, applies, and denies bail only when a final order of deportation has been made, and has no application to the question whether bail may be allowed pending an appeal from the decision of the commissioner.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. § 32.*]

3. ALIENS (§ 32*)—DEPORTATION OF CHINESE—BAIL.

Chinese Exclusion Act May 5, 1892, c. 60, § 5, 27 Stat. 25 (U. S. Comp. St. 1901, p. 1319), prohibits courts of the United States from allowing bail in deportation proceedings against Chinese persons seeking to land in the United States in the first instance, and Act Cong. Nov. 3, 1893, c. 14, § 2, 28 Stat. 8 (U. S. Comp. St. 1901, p. 1322), prohibits the allowance of bail after the rendition of a final deportation order and pending its execution by the marshal. *Held*, that such sections, by implication, did not give an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

absolute right to bail to a Chinese person domiciled and residing in the United States at the time of his arrest for deportation, pending an appeal from a commissioner's order to the District Court, but authorized the granting or withholding of bail under such circumstances in the exercise of discretion.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 94; Dec. Dig. § 32.*]

Appeal from the District Court of the United States for the District of Oregon.

Habeas corpus. On petition of Chin Wah to obtain bail in deportation proceedings in order to secure his release from the custody of Elmer B. Colwell, United States Marshal for the District of Oregon. From an order (182 Fed. 256) denying bail, petitioner appeals. Affirmed.

Roger Sinnott and W. W. Banks, for appellant.

John McCourt, U. S. Atty., and Walter H. Evans, Asst. U. S. Atty., for appellee.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge. The appellant was arrested upon a warrant issued by a commissioner of the United States for the district of Oregon, charging him with being a Chinese laborer, a subject of the Chinese Empire, and having no lawful right to be and remain in the United States, as provided by the act of May 5, 1892, and the amendment of 1893. The commissioner found that the facts charged in the complaint were true, and ordered that the appellant be deported to China. The appellant took his appeal to the District Court, and thereupon applied to be admitted to bail pending the hearing upon the appeal. The District Court held that the power to admit to bail in such a case was discretionary, and in view of the facts of the particular case, and because of the reluctance of the appellant to proceed to a hearing, denied the application. A petition for a writ of habeas corpus on behalf of the appellant was then presented to the District Court. The writ was denied, and the appellant was remanded to the custody of the United States marshal without bail. From the order denying the writ the present appeal is taken.

The contention of the appellant is that Congress, by the exclusion law of May 5, 1892, recognized the absolute right to bail, of Chinese domiciled in the United States at the time of their arrest for deportation. The argument is that by enacting section 5 of said act, which expressly prohibits the courts of the United States from allowing to bail Chinese persons seeking to land in the United States in the first instance, Congress intended to make a distinction between the case of one seeking to land in the United States in the first instance, and one domiciled and residing in the United States at the time of his arrest for deportation, and that from the express denial of bail in the former case, there is to be inferred the positive right to bail in the latter case.

[2] It is true that the act prohibits admission to bail in the first class of cases, and it is silent on the subject of bail in the second class, except that in section 2 of the act of 1893, it is provided that after the determination by the District Court of an appeal from the order of deportation made by a commissioner, the order shall be executed by the marshal, "and he shall execute the same with all convenient dispatch, and pending the execution of such order, such Chinese person shall remain in the custody of the United States marshal, and shall not be admitted to bail." This latter provision, however, applies only where a final order of deportation has been made. It has no application to the question of bail while the appeal from the decision of the commissioner is pending, except so far as the express prohibition in the one case is to be deemed an implied permission in the other.

[1] There is no express statute providing for bail in Chinese exclusion or deportation proceedings. The general statutory provisions in regard to bail in criminal cases do not apply, for deportation cases are not criminal in their nature. Fong Yue Ting v. United States, 149 U. S. 698, 13 Sup. Ct. 1016, 37 L. Ed. 905; Wong Wing v. United States, 163 U. S. 228, 236, 16 Sup. Ct. 977, 41 L. Ed. 140. And the right to bail on arrest in civil proceedings depends upon statutory provisions. 5 Cyc., and cases there cited. In the case of Carrier (D. C.) 57 Fed. 578, an extradition case, Hallett, District Judge, held that the matter of admitting to bail was not a question of practice, that since the time of Edward I it had been regulated by statute, and that it is not allowed in any case except in pursuance of some statute. In Wright v. Henkel, 190 U. S. 40, 23 Sup. Ct. 781, 47 L. Ed. 948, the ruling of In re Carrier was adverted to, and after referring to Queen v. Spilsbury, 2 Q. B. Div. 615 (1898), in which it was held that, independently of statute, there was common-law jurisdiction to admit to bail in extradition cases, a jurisdiction to be exercised in the discretion of the court, the Supreme Court said:

"We are unwilling to hold that the Circuit Courts possess no power in respect of admitting to bail other than as specifically vested by statute, or that, while bail should not ordinarily be granted in cases of foreign extradition, those courts may not in any case, and whatever the special circumstances, extend that relief."

But the language of the court in that case is not to be taken as by analogy affirming the proposition that the courts of the United States have the inherent power to admit to bail in deportation cases. It is uniformly conceded that those courts can exercise no powers not vested in them by statute.

[3] The power to admit to bail in deportation cases, if it exists, is created by implication in those provisions of the exclusion acts in which it is declared there shall be no admission to bail in certain specified instances. But is it to be inferred that in other stages of the proceedings the admission to bail is obligatory upon the courts, and is extended as a matter of right to all Chinese persons held in custody? If it had been the intention of Congress so to provide, it would seem reasonable to assume that the intention would have been affirmatively and clearly expressed, and not left to implication. In view of the fact that there was no authority to admit to bail in deporta-

tion cases prior to the act of 1892, and that the power to admit to bail rests in implication, from the express prohibitions of that act and of the act of 1893, we think the reasonable construction is that no greater power is given than that which is necessarily to be implied, and that it is a power, therefore, to be exercised by the court in its discretion. In harmony with this view are the decisions in Re Ah Tai (D. C.) 125 Fed. 795, in Re Lum Poy (C. C.) 128 Fed. 974, and in United States v. Fah Chung (D. C.) 132 Fed. 109.

The order of the court below is affirmed.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes