Ex parte MOOLA SINGH et al.

(District Court, W. D. Washington, N. D. September 10, 1913.)

No. 2,532.

1. ALIENS (§ 54*)—ADMISSION—RIGHT TO ENTER—DETERMINATION OF FACTS—JURISDICTION OF COURT.

Under Immigration Act Feb. 20, 1907 (34 Stat. 904, 906, c. 1134 [U. S. Comp. St. Supp. 1911, pp. 511, 515]) §§ 20, 21, 25, providing for the deportation of aliens not entitled to enter the United States, a final determination of all the facts with relation to the qualifications of aliens to enter the United States, or their deportation within the time limited, is within and exclusive jurisdiction of the immigration officers and the Secretary of Labor; the jurisdiction of the federal courts to review the determination of such officers being limited to ascertaining whether the aliens have been denied a fair and full hearing.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 112; Dec. Dig. § 54.*]

2. HABEAS CORPUS (§ 96*)—REVIEW OF ERRORS—DEPORTATION.

Where aliens were represented by counsel in deportation proceedings, and given every opportunity to present all the facts bearing on their qualifications to enter the United States, a full and fair hearing was accorded them, and the court was precluded on habeas corpus from re-ex-

---

*For other cases see same topic & §.NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

amining the issues presented, merely because it was contended that the conclusions of the immigration officers, based on the testimony presented, were erroneous.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 81; Dec. Dig. § 96.*]

Petition for writ of habeas corpus by Moola Singh and 72 other Hindoo aliens to obtain a release from a deportation warrant. Writ denied.

Herbert W. Meyers, of Seattle, Wash., for petitioners.

C. F. Riddell, of Seattle, Wash., and E. B. Brockway, of Tacoma, Wash., for respondent.

NETERER, District Judge. Moola Singh and 72 other Hindoos filed a petition praying a writ of habeas corpus, and allege that they were former residents of the Philippine Islands, and at this time are unlawfully detained by the immigration authorities at Seattle, Wash.; that they have resided in the Philippine Islands for periods varying from several months to several years; that they were lawfully admitted by the immigration officers at the city of Manila; that they came to the city of Seattle, and were arrested, tried before the commissioner of immigration in Seattle, and the Secretary of Labor, denied admission, and ordered deported. They further allege that they were not accorded a fair trial, and pray that they may be discharged from custody and permitted to enter. Notice of application was served upon the United States Attorney, and the hearing came regularly before the court; both sides being represented.

[1] The question to be determined by this court is: Were the petitioners accorded a trial, and is the action of the Secretary of Labor res judicata. Section 20 of the Immigration Act of February 20, 1907 (34 Stat. 904, c. 1134 [U. S. Comp. St. Supp. 1911, p. 511]), provides:

"That any alien who shall enter the United States in violation of law, and such as become public charges from causes existing prior to landing, shall, upon the warrant of the Secretary of Labor, be taken into custody and deported to the country whence he came at any time within three years after the date of his entry into the United States. * * *"

Section 21 provides:

"That in case the Secretary of Labor shall be satisfied that an alien has been found in the United States in violation of this act, or that an alien is subject to deportation under the provisions of this act or of any law of the United States, he shall cause such alien within the period of three years after landing or entry therein to be taken into custody and returned to the country whence he came, as provided by section twenty of this act. * * *"

Section 25 provides:

" * * * That in every case where an alien is excluded from admission into the United States under any law or treaty now existing or hereafter made, the decision of the appropriate immigration officers, if adverse to the admission of such alien, shall be final, unless reversed on appeal to the Secretary of Labor."

The admission of aliens into the United States is regulated by Congress. The supervision is confided to the department of immigration charged with the enforcement of laws regulating the admission. The final determination of all of the facts with relation to the qualification of aliens to enter the United States or their deportation within the time limit fixed by act of Congress for reasons therein given is intrusted to the proper immigration officers, "whose decision is final, unless reversed on appeal to the Secretary of Labor." By the act of Congress these officers are made the sole and exclusive judges of the existence of the facts establishing qualification, and no other tribunal is vested with authority or power by Congress to re-examine and consider the sufficiency of the evidence on which these officers acted. So long as the officers clothed with this authority act within the limits placed by Congress, courts have no right to interfere. The authority of the immigration officers and the jurisdiction of the courts depend upon power conferred by Congress. It is a matter of legislation. No discretion is vested in the courts. Congress has the right to legislate upon the subject, prescribe rules, fix limits, and confer authority where it deems wise in legislating upon the subject at hand. The supreme authority is conferred upon the immigration officers. The jurisdiction of the court is limited to ascertaining whether the petitioners were denied a hearing. Ekiu v. United States, 142 U. S. 651, 12 Sup. Ct. 336, 35 L. Ed. 1146; Yamataya v. Fisher, 189 U. S. 86, 23 Sup. Ct. 611, 47 L. Ed. 721; United States v. Ju Toy, 198 U. S. 253, 25 Sup. Ct. 644, 49 L. Ed. 1040; Lee Moon Sing v. United States, 158 U. S. 538, 15 Sup. Ct. 967, 39 L. Ed. 1082; Chin Yow v. United States, 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369.

[2] An examination of the record which is presented upon this hearing establishes to my mind conclusively that a fair and full hearing was accorded to each and every one of the petitioners. They were represented by counsel and given every opportunity of presenting all facts bearing upon their qualification. A hearing having been accorded, the court is precluded from a re-examination of the issue presented, merely because it is contended that the conclusion of the immigration officers, based upon the testimony presented, was wrong. Chin Yow v. United States, supra.

The petition for writ is denied.