## Ex parte CHIN DOE TUNG.

### (District Court, W. D. Washington, N. D. July 27, 1916.)

### No. 3378.

ALIENS ☞32(13)—PROCEEDINGS FOR DEPORTATION—REVIEW BY COURTS.

    The sufficiency of the evidence to support an order of the immigration authorities deporting an alien cannot be reviewed, where there is evidence in support of their determination and the alien appears to have had an impartial hearing; the authority of the courts extending only to the determination of whether the alien had such hearing.

    [Ed. Note.—For other cases, see Aliens, Cent. Dig. § 95; Dec. Dig. ☞ 32(13).]

In the matter of the application of Chin Doe Tung for a writ of habeas corpus. Writ denied.

Hugh C. Todd, of Seattle, Wash., for petitioner.

Clay Allen, U. S. Atty., and Albert Moodie, Asst. U. S. Atty., both of Seattle, Wash., for the United States.

NETERER, District Judge. I think the petition must be dismissed and the writ discharged. This court, in Ex parte Moola Singh et al., 207 Fed. 780, at page 782, said:

---

"The authority of the immigration officers and the jurisdiction of the courts depend upon power conferred by Congress. It is a matter of legislation. No discretion is vested in the courts. Congress has the right to legislate upon the subject, prescribe rules, fix limits, and confer authority where it deems wise in legislating upon the subject at hand. The supreme authority is conferred upon the immigration officers. The jurisdiction of the court is limited to ascertaining whether the petitioners were denied a hearing."

An examination of the record does not disclose the denial of any right of the petitioner. The contention that the conclusion of the immigration officers is not warranted by the testimony presented is not for the court to determine; nor can the court say that the contention of the petitioner that the Secretary of Labor determined the appeal upon a ground other than the charge upon which petitioner was ordered deported is well founded, as testimony was taken upon the paternity and minority of the applicant; also as to whether or not the alleged father is a domiciled merchant, and also upon the marriage of the petitioner and the relation he bore to the household of the alleged father. The court's inquiry is limited as to whether the applicant was accorded an impartial hearing, and cannot inquire into the sufficiency of probative facts or consider reasons for the conclusions reached by the immigration officers. The question is not, Would the court have come to the same conclusion? but, Was the petitioner accorded a fair hearing? Chin Yow v. U. S., 208 U. S. 8, 28 Sup. Ct. 201, 52 L. Ed. 369.

The court cannot say that he was not.