### In re CHIN OWN et al.

(District Court, W. D. Washington, N. D. February 15, 1917.)

#### No. 3513.

ALIENS ⬅️32(12)—DEPORTATION PROCEEDINGS—APPEALS—BAIL.
　　In view of Chinese Exclusion Act May 5, 1892, c. 60, § 5, 27 Stat. 25 (Comp. St. 1916, § 4319), providing that no judge or court shall in the first instance, on application for writ of habeas corpus by a Chinese person denied permission to land, allow such person to go on bail, and rule 33 of the Circuit Court of Appeals for the Ninth Circuit (208 Fed. xvii, 124 C. C. A. xvii) providing that pending an appeal in habeas corpus cases the custody of the prisoner shall not be disturbed, Chinese persons will not be released on bail pending an appeal from an order discharging a writ of habeas corpus and remanding them to the custody of the immigration authorities for deportation, where every contention raised by them has been decided against them by decisions of the appellate courts, and there is nothing in the personal environment prompting favorable consideration of the applications.

Application by Chin Own and another for bail. Application denied.

John J. Sullivan, of Seattle, Wash., for relator.

Clay Allen, U. S. Dist. Atty., and Albert Moodie, Asst. U. S. Dist. Atty., both of Seattle, Wash., for respondent.

NETERER, District Judge. The relator has applied for release on bail pending the hearing of appeal from an order discharging the

writ of habeas corpus issued and remanding the petitioner to the Commissioner of Immigration to carry out the order of deportation issued by the Secretary of Labor. The petition for writ alleges that the relator was born in San Francisco, Cal., in 1876, and removed to Seattle with his parents when he was five years of age, where he resided until 1891, and then removed to Boston, Mass.; that in 1896 his parents returned to China, and the petitioner lived in Seattle until 1900, at which time he went to China on a visit, and on the 29th day of November, 1902, entered the United States at Port Townsend, Wash., on his return to the United States; that after a short stay in Seattle, he went to Boston, where he resided until 1907, in which year he went to China, and is now returning, claiming his right to enter, with his minor son.

I think the application for bail in this case must be denied. Section 5 of the Chinese Exclusion Act (27 Stat. 25) provides that no judge or court shall, in the first instance, on application for writ of habeas corpus by a Chinese person who has been denied permission to land, allow such person to go on bail, and court rule 33 of the Circuit Court of Appeals of this circuit also provides that pending an appeal the custody of the prisoner shall not be disturbed. The inherent right of the court to admit the relator to bail, after the court has affirmed the finding of the Commissioner and denied his right to enter, when the statute expressly prohibits the admission to bail before the court has thus found (Jem Yuen [D. C.] 188 Fed. 350), would seem to be supported by a very slender thread. The status of the relator is not changed. The writ does not disturb the custody, but simply requires his production for the purpose of examining into the legality of his detention. The relator is not, in a legal sense, within the United States. No power is given by the statute to the court to admit an alien by giving bail pending an appeal from a decision of the court finding that he has been accorded a fair hearing by the Immigration Commissioner. U. S. v. Sisson (D. C.) 220 Fed. 538; In re Chin Yuen Sing (C. C.) 65 Fed. 788. The powers of courts are prescribed and limited by the Congress. Congress likewise prescribes the duties and fixes the powers of the Commissioner of Immigration. Ex parte Moola Singh (D. C.) 207 Fed. 780. The findings of the Commissioner are conclusive (Chin You v. U. S., 208 U. S. 11, 28 Sup. Ct. 201, 52 L. Ed. 369), and the power of the court is limited to ascertaining whether a fair trial was accorded.

The courts of the several districts are somewhat at variance on the subject of allowing bail pending an appeal from an order of deportation, and while the court may have inherent power, independent of statute, according to the rules of common law and ancient jurisdiction, to admit to bail (Wright v. Henkel, 190 U. S. 40, 23 Sup. Ct. 781, 47 L. Ed. 948; In re Chin Wah, 187 Fed. 594, 109 C. C. A. 422), under special circumstances, I do not think that as a matter of sound judicial discretion, under the circumstances of this case, that power should be exercised. Every contention raised by the relator has been decided against him by decisions of the Court of Appeals of this circuit and by decisions of the Supreme Court of the United States, and there is

nothing in the personal environment disclosed which prompts favorable consideration of his request.

Application denied.