PRENTIS, District Director of U. S. Immigration Service, v. MANOOGIAN.

(Circuit Court of Appeals, Sixth Circuit. December 18, 1926.)

No. 4651.

1. Aliens ⬉⇒54(6)—Under Immigration Act, Secretary of Labor has not discretion to either grant or refuse bail to alien pending disposal of his case "may be released" being used in sense of "may have" and mandatory. (Immigration Act, § 20 [Comp. St. § 4289¼k]).

"May" as used in statute saying that one "may have" is mandatory though statement that official "may give" is presumptively permissive only hence under Immigration Act, § 20 (Comp. St. § 4289¼k), providing that, pending disposal

of his case, any alien arrested for deportation "may be released under a bond," the Secretary of Labor has not authority to either grant or refuse bail in his discretion.

2. Bail ⬉⇒39—Right to bail is generally dependent on statute.

Generally the right to bail is dependent on statute.

3. Aliens ⬉⇒54(6)—One in custody, charged with being an alien and with violating Immigration Act, has no inherent right to bail (Comp. St. §§ 959, 960, 4289¼a et seq.).

One in custody, charged with being an alien and with violation of Immigration Act (Comp. St. §§ 959, 960, 4289¼a et seq.), has no primary or inherent right to bail pending investigation, and during hearing and establishment of such charges.

4. Aliens ⬉⇒39—Congressional power to exclude or expel aliens is not limited by Constitution.

There is no constitutional limit on the power of Congress to exclude or expel aliens.

Appeal from the District Court of the United States for the Southern Division of the Eastern District of Michigan; Charles C. Simons, Judge.

Habeas corpus by Hovnan Manoogian against Percy L. Prentis, District Director of the United States Immigration Service at Detroit, Mich. Judgment for petitioner, and the Director of Immigration appeals. Affirmed.

C. Frederick Stanton, Asst. U. S. Atty., of Detroit, Mich. (Delos G. Smith, of Detroit, Mich., on the brief), for appellant.

O. Guy Frick, of Detroit, Mich., for appellee.

Before DENISON and MOORMAN, Circuit Judges, and HOUGH, District Judge.

PER CURIAM. The appellee was arrested by virtue of a warrant issued on the authority of the Secretary of Labor, charging him with violation of the immigration laws. Pending the final disposition of the case before the immigration officials, the appellee filed his petition for writ of habeas corpus in the District Court, in which it was alleged, among other things, that he had requested his release on bond, which request was denied by the Secretary of Labor. The proper immigration officer at Detroit duly made return, stating, among other things, that "there is no provision in the Immigration Act of February 5, 1917 (Comp. St. §§ 959, 960, 4289¼a et seq.), or in any other law of the United States, requiring the Secretary of Labor, or his authorized agents or assistants, to release on bond any alien held under immigration warrant proceedings, and that the director of

immigration at Detroit has been ready, and is now ready at any time, to give said petitioner [the appellee] a hearing under the said warrant of arrest, but said hearing has been deferred upon the request of the petitioner."

Subsequently the court, after hearing, ordered that the director of immigration authorize the release of the appellee upon bond in a reasonable amount within seven days, and, upon his failure so to do, that the appellee be released from custody. Later, the director having failed to authorize bond, the appellee was discharged from custody forthwith.

[1] The sole question presented by the appeal is whether or not, under section 20 of the Immigration Act of February 5, 1917 (Comp. St. § 4289¼k), the Secretary of Labor or his authorized agent may decline to bail one properly taken into custody under this provision, pending and during hearing. The solution of this question depends upon the construction of a portion of section 20 thereof, as follows:

"Pending the final disposal of the case of any alien so taken into custody, he may be released under a bond in the penalty of not less than $500, with security approved by the Secretary of Labor, conditioned that such alien shall be produced when required for a hearing or hearings in regard to the charge upon which he has been taken into custody, and for deportation if he shall be found to be unlawfully within the United States."

The Director contends that this provision grants to the Secretary of Labor the right to either grant or refuse bail, in his discretion, and the appellee contends that the intention of Congress, in the use of this language, was to grant to the one in custody the right to bail, upon compliance with the requirements of the Secretary of Labor in the amount of bond and qualifications of sureties.

[2-4] Generally speaking, it may be said that the right to bail is dependent upon statute. U. S. v. Commissioner (C. C. A.) 297 F. 946, 952, 36 A. L. R. 877. This principle has been particularly emphasized by the courts when dealing with the rights of aliens, and it is apparent that one in custody charged with being an alien, and with violation of the Immigration Act, pending and during investigation and hearings, and the establishment of such charges, has no primary or inherent right to bail, and whatever right in this regard may accrue to him, must be granted to him by Congress. Wong Wing v. U. S., 163 U. S. 228, 235, 16 S. Ct. 977, 41 L. Ed. 140. U. S. v. Sing Tuck et al., 194 U. S. 161, 168, 24 S. Ct. 621, 48 L. Ed. 917. There is no constitutional limit to the power of Congress to exclude or expel aliens. Colyer v. Commissioner of Immigration (D. C.) 265 F. 17.

Congress has acted, and has provided that "he [the alien in custody], may be released under a bond." In respect to the power and authority of the immigration officials, is this language to be construed as permissive or directive?

The appellee relies upon the case of U. S. Sugar Equalization Board v. De Ronde & Co. (C. C. A.) 7 F.(2d) 981, where the court construed the word "authorized" as meaning "directed"; also, to like effect, the cases of Chase v. U. S. (C. C. A.) 261 F. 833, and Supervisors v. U. S., 4 Wall. (71 U. S.) 435, 18 L. Ed. 419. These cases are decided upon the principle that, where Congress consigns to a public official the execution of a duty under a law in the interests either of the public or an individual, and in the assignment of such duty uses language permissive or discretionary in form, such language is to be construed as directive. We are not confronted with such a situation here. Neither the public nor any third person has such an interest, nor is the appellee possessed of an underlying or inherent right, separable from or independent of the provision contained in the act itself. Nor are we able to find where the construction of this provision of the act has been directly under consideration in the reported cases. We are therefore in the ascertainment of the intention of Congress, in the use of the language found in section 20 of the Act of February 5, 1917, left to a construction of the language itself, without the often present aid of governing precedent.

The case of In re Williams, 54 App. D. C. 65, 294 F. 996, relied upon by appellant, falls short of a solution to the problem. The court had under consideration in that case an interpretation of a court rule, which provided that the judge "may" admit to bail. This language was construed to be permissive, and gave to the judge a discretion.

An examination of the Immigration Act and its various sections discloses the fact that Congress conferred, first, upon the administrative officials broad and plenary powers; and, second, that it used due care in describing those powers with clear, definite, and comprehensive language, making plain discretionary authority when discretion was intended. To illustrate, in section 3 (Comp. St. § 4289¼b), it is provided: "Such children may, in the discretion of the Secretary of Labor, be admitted," etc. And again, in the same section: "May be admitted in the discretion of the Secretary of Labor, and under such conditions as he may prescribe." It is

important to notice that the provision under consideration states that "he may be released under a bond," but it does not state "at the discretion" of anybody. The difference thus noted, together with the natural and ordinary construction of the words thus grouped in the sentence, raises the presumption that Congress intended to grant to the alien a right, and that its failure to follow with some such phrase as "at the discretion of the commissioner" vests the discretion to avail himself of the opportunity afforded in the alien, and not the discretion to allow bail in the commissioner or director.

It seems to us a reasonable rule of construction, applicable here, that if it is said that the official *may give* a privilege to an applicant, the words are, presumptively, permissive only, while, if it is said that the applicant *may have* the privilege, the words are, presumptively, mandatory upon the official. Such is the conclusion reached, which will affirm the District Court.

Judgment affirmed.