**CARANICA v. NAGLE, Commissioner of Immigration.**

Circuit Court of Appeals, Ninth Circuit. January 9, 1928.

Rehearing Denied February 13, 1928.

No. 5178.

1. Aliens ⬅54(10)—Deportation hearing held not unfair, in that alien was denied opportunity to cross-examine certain witnesses, where their statements were not considered (Immigration Act 1917 [Comp. St. § 4289¼a et seq.]).

In deportation proceeding, under Immigration Act of 1917 (Comp. St. § 4289¼a et seq.), hearing *held* not unfair, in that alien was denied opportunity to cross-examine certain witnesses, where board of review, in its recommendation, said that such statements had not been considered.

2. Aliens ⬅54(15)—False testimony in deportation proceeding, relative to alien's conviction for possessing liquor, held not to vitiate proceeding, where other evidence supported order (Immigration Act 1917 [Comp. St. § 4289¼a et seq.]).

In deportation proceeding, under Immigration Act of 1917 (Comp. St. § 4289¼a et seq.), false testimony that alien had been convicted of unlawful possession of liquor *held* not to vitiate proceeding, where such testimony was not included in summary of case presented to Secretary, and other evidence received was amply sufficient to support order of deportation.

3. Aliens ⬅54(10)—Inspector's refusal to disclose names of persons giving testimony detrimental to alien's character did not make deportation hearing unfair (Immigration Act 1917 [Comp. St. § 4289¼a et seq.]).

In deportation proceeding under Immigration Act of 1917 (Comp. St. § 4289¼a et seq.), hearing *held* not unfair because inspector, filing report that certain persons had given detrimental testimony as to alien's character, refused to disclose names of informants.

4. Aliens ⬅54(10)—Hearing was not unfair because alien was given no opportunity to cross-examine witness whose testimony was not relied on nor submitted to Secretary (Immigration Act 1917 [Comp. St. § 4289¼a et seq.]).

In deportation proceeding, under Immigration Act of 1917 (Comp. St. § 4289¼a et seq.), hearing *held* not unfair, in that alien was given no opportunity to cross-examine witness, whose testimony was not relied on nor mentioned in summary which was submitted to Secretary.

5. Aliens ⬅54(9)—Evidence held sufficient to justify deportation on ground that alien was connected with house of prostitution (Immigration Act 1917 [Comp. St. § 4289¼a et seq.]).

In proceeding to deport alien on ground that he was in United States in violation of Immigration Act of 1917 (Comp. St. § 4289¼a et seq.), in that he was connected with management of house of prostitution, evidence *held* sufficient to sustain order of deportation.

23 F.(2d)—35

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; George M. Bourquin, Judge.

Petition by Nonda Caranica for a writ of habeas corpus, to be directed to John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. A demurrer to the petition was sustained, and petitioner appeals. Affirmed.

Clifford A. Russell and Donald McKisick, both of Sacramento, Cal., for appellant.

George J. Hatfield, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The Secretary of Labor issued a warrant directing the deportation of the appellant, an alien, upon the ground that he was found in the United States in violation of the Immigration Act of February 5, 1917 (Comp. St. § 4289¼a et seq.), in that he was found connected with the management of a house of prostitution and sharing in and deriving benefit from the earnings of a prostitute. To the appellant's petition for a writ of habeas corpus in the court below the appellee demurred. The demurrer was sustained, and the petition denied. From that order the appellant appeals.

The petition alleged that the appellant was deprived of a fair hearing in that (1) he was denied an opportunity to cross-examine the witnesses Harris and Nullett; (2) that the testimony of Inspector Howell was admitted to show that the petitioner, under the name of Walker, had been convicted in Marysville of violation of the National Prohibition Act (27 USCA), which was subsequently shown to be untrue; (3) that Inspector Farley had filed a report that certain persons in Vallejo had given detrimental testimony as to the character of the appellant, and had refused to disclose the names of his informants; (4) that the said witness Howell testified to statements made by one Bessie Cohn, but she was not subpœnaed to attend the hearing, nor was the appellant given an opportunity to cross-examine her; and (5) that the evidence was insufficient to prove that the appellant had committed any offense against the immigration statutes of the United States.

By consent of the parties the immigration records were filed and considered as part of the original petition. It appears therefrom that the appellant was arrested at 216½

C street, Marysville, Cal., a place which was shown to be a notorious open house of prostitution. He was found occupying a room with a connecting door to the bedroom occupied by Mary Harris, who managed the establishment. He at first persisted in denying that he occupied that room, but he later admitted it. In his possession in that room were several canceled checks, which had been drawn in favor of Mary Harris; also two receipts for money paid by her to. the former manager for the purchase of the establishment. The petition alleged that these represented loans to Mary Harris, and the appellant offered in evidence a chattel mortgage to sustain that statement; but the testimony was not believed, and in the inspector's summary of the case for the Secretary it was said: "I believe the record clearly shows that the alien was the actual owner and operator of the house of prostitution involved, and that the mortgage offered in evidence by the defense is nothing more than a common subterfuge resorted to by persons engaged in such enterprises, for the purpose of concealing their actual interest in such houses of prostitution."

[1] As to the first specification, that the hearing was unfair, in that the appellant was denied an opportunity to examine the witnesses Harris and Nullett, the records show that their statements were taken on June 4, 1927, without objection by the appellant, but that on the next hearing, which was on June 25, he objected thereto on the ground that he had no opportunity to cross-examine the witnesses; but he made no request for their production for cross-examination. The bureau thereupon, upon its own motion, postponed the hearing until an effort could be made to locate the witnesses. On a subsequent hearing in November it was shown that efforts had been made to find them without result. Owing to the fact that they had not been cross-examined the board of review in its recommendation said: "These persons were not presented for the purpose of cross-examination, and objection of counsel was therefore well taken, and the statements have not been considered."

[2, 3] As to the testimony of Howell, which was later found to be untrue, that the appellant, under the name of Walker, had been convicted of the unlawful possession of liquor, the error is not one that should be held to vitiate the proceeding, for that testimony was not included in the summary of the case which was presented to the Secretary, and the other evidence which was received was in itself amply sufficient to support the order of deportation. The fact that Inspector Farley testified to hearsay statements that the appellant was a Greek pimp, and had a wife practicing prostitution in San Francisco, and that upon cross-examination he refused to disclose the names of his informants, does not show that the hearing was unfair. Arnstein v. United States, 54 App. D. C. 199, 296 F. 946, 950; Mitrovich v. United States (C. C. A.) 15 F.(2d) 163; Segurola v. United States (C. C. A.) 16 F. (2d) 563.

[4] Nor is the hearing shown to have been unfair, in that the appellant was given no opportunity to cross-examine the witness Bessie Cohn upon the statements made by her. She stated that she had recently bought the furniture from the prior manager of the establishment, and that she owed the appellant a balance of $1,550, and considered him the owner, and she showed a receipt, signed by him, for the payment of an installment. The appellant admitted that the furniture was in the establishment, and that he was receiving installments on account of the purchase thereof. Bessie Cohn's testimony, in any view, afforded little information upon the issues, and, even if it be conceded to have been incompetent, it is not ground for reversal, for it was not relied upon or mentioned in the summary which was submitted to the Secretary.

[5] We find no merit in the assignment that the court below erred in holding the evidence sufficient to sustain the order of deportation. The appellant admitted that he had been living several months in the house, which was a notorious house of prostitution. The officers testified that the room occupied by him had all the appearance of being used jointly with the room occupied by the landlady, who was admittedly a prostitute, and that in it on a table were found articles generally used by women of that class. A police officer testified that on one occasion, when he visited the house in connection with his official duties, the appellant in his hearing rebuked the manager for having the electric lights out at the entrance, and asked, "What the hell the lights were out for; that you could not make any money with the lights out." In denying the writ, the court below properly summed up the case in saying: "There is ample competent evidence that, at the very least, the petitioner is connected with—that is, has a part in and with the manager of—the immoral house involved."

The judgment is affirmed.