## CARANICA v. NAGLE, Commissioner of Immigration. *

Circuit Court of Appeals, Ninth Circuit. November 5, 1928.

No. 5569.

*Rehearing denied January 14, 1929.

Clifford A. Russell and Donald McKisick, both of Sacramento, Cal., for appellant.

Geo. J. Hatfield, U. S. Atty., and Geo. M. Naus, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

RUDKIN, Circuit Judge. This is an appeal from an order denying a petition for a writ of habeas corpus in an immigration case. It was the second application of the kind addressed to the court below. In the former case the court denied the petition for the writ, the order was affirmed by this court on appeal, and certiorari was denied by the Supreme Court. Caranica v. Nagle (C. C. A.) 23 F.(2d) 545; Id., 48 S. Ct. 437, 72 L. Ed. ——. Immediately upon denial of the writ of certiorari by the Supreme Court and the going down of the mandate from this court, the appellant surrendered himself into the custody of immigration officers and applied for a second writ. His petition avers that the warrant of deportation finds that he is a native and citizen of Greece, and directs that he be deported to that country; that in truth and in fact he is not a native or citizen of Greece, all of which conclusively and indisputably appears from the evidence taken in the proceedings before the immigration officers and the Department of Labor, on which the warrant was based; that the evidence taken in said proceedings conclusively shows that the petitioner is a native of Macedonia, which was a Turkish province at the time of his birth, and that it is a matter of historical knowledge, of which the court should take judicial notice, that, since the year 1919, Macedonia has been partitioned and divided up among several countries. It is then averred on information and belief that the government of the republic of Greece has refused to issue any passport for the removal of the petitioner to Greece, and will refuse to allow him to enter that country, for the reason that he is not a native or citizen thereof.

In Lewis v. Frick, 233 U. S. 291, 34 S. Ct. 488, 58 L. Ed. 967, the court left open the question whether that part of a deportation order which determines the destination of the alien is open to inquiry on habeas corpus; but, assuming for the present that the question is open to inquiry, and assuming, further, that the appellant can raise the question at this time, having failed to urge or suggest it before the Secretary of Labor, or in the former habeas corpus proceeding, we are of opinion that the objection to deportation to Greece is not well founded. Section 20 of the Immigration Act of 1917 (8 USCA § 156) vests a broad discretion in the Secretary of Labor as to the country or place to which an alien shall be deported. It provides: "That the deportation of aliens provided for in this act shall, at the option of the Secretary of Labor, be to the country whence they came or to the foreign port at which such aliens embarked for the United States; or, if such embarkation was for foreign contiguous territory, to the foreign port at which they embarked for such territory; or, if such aliens entered foreign contiguous territory from the United States and later entered the United States, or if such aliens are held by the country from which they entered the United States, not to be subjects or citizens of such country, and such country refuses to permit their re-entry, or imposes any condition upon permitting re-entry, then to the country of which such aliens are subjects or citizens, or to the country in which they resided prior to entering the country from which they entered the United States." The testimony before the department showed that the appellant spoke the Greek language, and that he was born in Veria, Macedonia, formerly a part of the Turkish Empire, and now a part of the Greek Republic. Deportation to Greece was therefore within the discretion of the Secre-

tary of Labor, especially in view of the fact that the appellant has carefully refrained from suggesting any other country or place to which he should be deported.

Nor does the fact, averred on information and belief, that the government of the Greek Republic has refused to issue a passport for the removal of the appellant to Greece, and will refuse to permit him to enter that country, because not a native or citizen thereof, entitle the appellant to an immediate discharge. Under the broad discretion vested in him by law, the Secretary of Labor may find other ways or other means to carry out the order of deportation, and the utmost the courts can or will do is to discharge the appellant from further imprisonment if the government fails to execute the order of deportation within a reasonable time. The court below allowed two months for that purpose, and there was clearly no abuse of discretion in this. United States v. Wallis (C. C. A.) 279 F. 401.

The order is affirmed.