### Ex parte PERKOV.

No. 2232–RJ.

District Court, S. D. California, Central Division.

June 8, 1942.

Leonard Di Miceli, of San Pedro, Cal., for petitioner.

Wm. Fleet Palmer, U. S. Atty., and Howard V. Calverley, Asst. U. S. Atty., both of Los Angeles, Cal., and Bruce G. Barber, District Law Officer, Immigration and Naturalization Service, of Los Angeles, Cal., for respondent.

JENNEY, District Judge.

The petition of Ante Perkov for a writ of habeas corpus was filed May 7, 1942. Instead of granting the writ, it was ordered that William A. Carmichael, District Director of the Immigration and Naturalization Service, appear and show cause why the writ should not issue. He made his return on May 16, 1942, stating, in part, that the petitioner is an alien, a subject of Yugoslavia. Under authority of the Attorney General of the United States, a warrant of arrest for an alien was issued. It directed that petitioner be taken into custody and granted a hearing to enable him to show cause why he should not be deported. Under the direction of the Attorney General, no provision was made for release on bond during the pendency of the deportation proceedings.

Several hearings were held on the warrant of arrest and these facts were elicited: Petitioner entered the United States as a seaman on a Yugoslavian vessel, having first shipped on the vessel December 26, 1939, from Dubrovnik, Dalmatia. The vessel arrived in Charleston, S. C., April 26, 1941, and petitioner was inspected and landed as a non-resident alien seaman, in pursuit of calling, for a period not to exceed sixty days. Petitioner and the rest of the crew, except the officers, were discharged April 27, 1941. The return states that when petitioner informed the immigration officials of his intention to go to San Pedro, California, there was an understanding between the immigration officials and petitioner that he was to reship foreign from San Pedro within sixty days of the date he arrived in Charleston. Petitioner denied that there ever was any such understanding. He testified that, after he arrived at Newport News in April, 1940 (one of the previous occasions when his ship touched port in the United States), he decided that if ever his ship returned to this country he would stay; and that before his ship docked in Charleston on April 26, 1941, he had the intention of join-

ing relatives in this country. Although the warrant permits him to reship foreign, petitioner has expressed his unwillingness to do so.

At the hearings before the immigration authorities, he expressed his desire to apply for the privilege of voluntary departure with the additional privilege of preexamination with departure to Canada under Section 19(c) (1) of the Immigration Act of 1917, 8 U.S.C.A. § 155(c) (1). The necessary forms were prepared and, at a subsequent hearing, testimony of his good moral character was presented. The presiding inspector, in his proposed order, "recommended that the respondent be granted the permission to depart the United States at his own expense in lieu of deportation, * * * and that he be accorded the additional privilege of preexamination * * *."

It is admitted that the petitioner is subject to deportation because at the time of entry he was not in possession of an unexpired immigration visa, violating Sections 13 and 14 of the Immigration Act of 1924, 8 U.S.C.A. §§ 213 and 214.

■ The only issue raised by this petition for a writ of habeas corpus is the denial of bail pending final disposition of the case. It is proper to use the writ of habeas corpus for the purpose of securing admittance to bail. Ex parte Bollman, 1807, 4 Cranch 75, 2 L.Ed. 554; United States ex rel. Herbert v. Marshal of District of Columbia, Crim.Ct.D.C.1856, Fed. Cas.No.15,726a.

■ The statute under which the Attorney General acted, in omitting a provision for release on bond, is the last sentence of Section 20 of the Immigration Act of 1917, as amended June 14, 1940, 8 U.S.C.A. § 156, which reads, in part, as follows: "Pending the final disposal of the case of any alien so taken into custody, he *may* be released under a bond * * *." (Emphasis added.)

Nothing in this statute indicates that the Congress intended that the word "may" should be used other than to indicate "permission" or "discretion"; nor is there anything in the statute which would require that the word be interpreted to mean "shall" or "must". In several cases courts have decided that the statute vests discretionary power in the Attorney General. United States ex rel. Zapp v. District Director of Immigration, etc., 2 Cir., 1941, 120 F.2d

762; In re Hanoff, D.C.N.D.Cal.1941, 39 F.Supp. 169. The Circuit Court of Appeals for the Sixth Circuit held, in Prentis v. Manoogian, 1926, 16 F.2d 422, that the words in the statute are mandatory upon the official. In commenting upon this holding, Judge Clark said, in the Zapp case, 120 F.2d at page 765: " * * * with all deference we do not feel we can adopt the conclusion there reached." The Prentis case does not seem to this court to be sound. United States ex rel. Weinstein v. Uhl, D.C.S.D.N.Y.1920, 266 F. 929, (cited by petitioner) is not authority for the present case. There the warrant of arrest provided for release on bond pending further proceedings, but the immigration authorities, in disregard thereof, refused to release the alien on bond. The court said that unless they admitted him to bail as directed by the warrant, it would sustain the writ. The warrant in our case omits any provision for bail.

■ The statute places in an executive officer the discretion to admit to bail in immigration cases. Is there a like power in the United States court?

■ The courts of the United States have no inherent power to admit to bail in deportation cases. In Chin Wah v. Colwell, 1911, 187 F. 592, 594, the Circuit Court of Appeals for the Ninth Circuit, explaining language used by the Supreme Court of the United States in an extradition case, Wright v. Henkel, 1903, 190 U.S. 40, 23 S.Ct. 781, 47 L.Ed. 948, said: "But the language of the court in that case is not to be taken as by analogy affirming the proposition that the courts of the United States have the inherent power to admit to bail in deportation cases. *It is uniformly conceded that those courts can exercise no powers not vested in them by statute.*" (Emphasis added.)

United States ex rel. Carapa v. Curran, 2 Cir., 1924, 297 F. 946, 955, 36 A.L.R. 877, states the same rule.

■ The Eighth Amendment to the Constitution of the United States provides that: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

That portion of the amendment dealing with bail seems to be limited to criminal proceedings. Deportation proceedings are not criminal in their nature. Fong Yue Ting v. United States, 1893, 149 U.S. 698, 730, 13 S.Ct. 1016, 37 L.Ed. 905; Zakonaite

v. Wolf, 1912, 226 U.S. 272, 275, 33 S.Ct. 31, 57 L.Ed. 218; Bugajewitz v. Adams, 1913, 228 U.S. 585, 33 S.Ct. 607, 57 L.Ed. 978. The amendment, therefore, has no application to proceedings for expulsion of an alien. See In re Chin Wah, D.C.D.Or.1910, 182 F. 256, affirmed sub. nom. Chin Wah v. Colwell, supra.

Almost from the beginning, Congress has deemed it necessary expressly to authorize the United States courts to admit to bail. Sections 1014 and 1015 of the Revised Statutes, 18 U.S.C.A. §§ 591 and 596, deal with bail in criminal cases and, therefore, are not applicable. Fong Yue Ting v. United States; Zakonaite v. Wolf; Bugajewitz v. Adams, all supra. Section 991 of the Revised Statutes, 28 U.S.C.A. § 844, deals with bail in civil cases when any person "is arrested or imprisoned in any State, on mesne process or execution *issued from any court of the United States* * * *." (Emphasis added.) This section can have no application to the case at bar. The petitioner is not held on process "issued from any court of the United States," but under the authority conferred upon the immigration authorities by a statute of the United States. See United States ex rel. Carapa v. Curran, supra, 297 F. at page 952, 36 A.L.R. 877.

There is, then, no power in the United States courts to admit to bail in immigration cases. Congress has reposed the discretion in the Attorney General and there it must remain. This the petitioner admits in his later brief. He argues, however, that under the statute and the facts he must be deported to the country of his nativity, and wartime conditions make it impossible to deport him to Yugoslavia. Consequently, the argument continues, denial of bail pending the final disposition of this cause constitutes a flagrant abuse of the discretion vested in the Attorney General.

Our State Department has made arrangements with the British Government, through the Inter-Allied Committee dealing with seamen, to accept seamen of nationalities whose free governments in exile have been established in London. Among such free governments is that of Yugoslavia. The present deportation may possibly be taken care of in that manner, if it does not violate the terms of the statute. Petitioner may change his mind and reship foreign as he has been urged to do; or, in the near future, it may become feasible to deport him to his homeland. He may possibly be accorded the privilege of voluntary departure with the additional privilege of preexamination with departure to Canada, testimony of good moral character having been taken at the hearing before the immigration inspector.

■ An alien taken into custody cannot be held indefinitely. If an order directing his deportation to one of the places permitted by the statute cannot be executed for some time, he must be released from custody upon proper proceedings therefor being taken. Wolck v. Weedin, 9 Cir., 1932, 58 F.2d 928, 931; United States ex rel. Chumura v. Smith, D.C.W.D. N.Y.1927, 29 F.2d 287, affirmed sub. nom. United States ex rel. Chumura .v. Flynn, 2 Cir., 1928, 29 F.2d 287; In re Hanoff, supra; Petition of Brooks, D.C.D.Mass.1925, 5 F.2d 238. The immigration officials may not avoid this result by directing his deportation to a place not permitted by the statute. Saksagansky v. Weedin, 9 Cir., 1931, 53 F.2d 13.

■ Counsel states that petitioner has been detained since April 24, 1942, and refers to the holding in the Brooks case, supra, that nine weeks was too long to hold the alien in custody. In that case, although the order of deportation had been final for several years, the government made no attempt to execute it. During most of this time the alien had been out on a bond. Then the surety surrendered him and he was confined for nine weeks. In our case there are not even findings of fact, conclusions of law, etc., and, of course, no warrant of deportation can have issued. It seems to the court that the government officials are entitled to a reasonable time to complete their work and determine whether the terms of the deportation statute can be met before the court intervenes. See Impiriale v. Perkins, 1933, 62 App.D.C. 279, 66 F.2d 805.

If a proper deportation order is made and arrangements for fulfilling are not forthcoming in the near future, petitioner may petition for a writ of habeas corpus to secure his release from custody. Or if the warrant of deportation issues and he believes that it calls for deportation to a place other than one of those specified in the statute, the question of the legality of the warrant may be raised on a petition for a writ of habeas corpus.

The writ will not issue.