## LEE LEONG v. UNITED STATES:

(Circuit Court of Appeals, Ninth Circuit. October 6, 1914. Rehearing Denied November 17, 1914.)

No. 2331.

1. HABEAS CORPUS (§ 54*)—PETITION—SUFFICIENCY—DEPORTATION OF CHINESE.

A petition by a Chinese person, who has been ordered deported, for a writ of habeas corpus, which alleges that petitioner was not given a fair hearing, but does not state wherein or in what respect such hearing was denied, is insufficient to sustain jurisdiction to issue the writ.

[Ed. Note.—For other cases, see Habeas Corpus, Cent. Dig. § 51; Dec. Dig. § 54.*

What Chinese persons are excluded from the United States, see note to Wong You v. United States, 104 C. C. A. 538.]

2. ALIENS (§ 46*)—IMMIGRATION—EFFECT OF TERRITORIAL STATUTE.

Act Hawaii April 17, 1911, which authorizes the secretary of the territory, when satisfied that a person was born in the Hawaiian Islands, to issue to such person a certificate showing that fact, which shall be prima facie evidence thereof, cannot affect the laws of the United States in regard to the immigration of aliens.

[Ed. Note.—For other cases, see Aliens, Cent. Dig. § 105; Dec. Dig. § 46.*]

Appeal from the District Court of the United States for the Territory of Hawaii; Chas. F. Clemons, Judge.

In the matter of the petition of Lee Leong for writ of habeas corpus. From an order denying the writ, petitioner appeals. Affirmed.

The appellant appeals from an order of deportation made by the District Court of the United States for the territory of Hawaii, upon a hearing on the return to a writ of habeas corpus. The petition for the writ alleged that the appellant was born in the territory of Hawaii January 21, 1888, of Chinese parents there residing; that about four years later he was taken by his parents to China, and there remained until February, 1913, when he left for Honolulu; that upon February 21, 1912, the secretary of the territory of Hawaii, after application, and upon due hearing as provided by law, issued a certificate certifying that the appellant was born in the Hawaiian Islands on or about January 21, 1888. The petition further alleged that the appellant was given but the semblance of a hearing before the immigration officers, to determine whether he should be allowed to land, and that said hearing was not a fair and bona fide hearing, but that the proceedings were conducted in an illegal and improper manner, and not in accordance with the acts of Congress. Upon the hearing, testimony of witnesses was taken, and the immigration officers thereupon denied the right of the appellant to land, and ordered him deported to China.

Andrews & Quarls, of Honolulu, Hawaii (George S. Curry, of Honolulu, Hawaii, and James A. Ballentine, of San Francisco, Cal., of counsel), for appellant.

Before GILBERT and ROSS, Circuit Judges, and DIETRICH, District Judge.

GILBERT, Circuit Judge (after stating the facts as above). [1] It is not specified in the petition for the writ wherein or in what respect the appellant was denied a fair and impartial hearing. The allega-

tions in that respect are not sufficient to sustain jurisdiction to issue the writ.

[2] But counsel for the appellant urge that the decision was contrary to law, in that the immigration officers denied to the certificate of birth that consideration which in law it was entitled to receive. The certificate was issued under an act of the Legislature of Hawaii approved April 17, 1911, which provides in substance that the secretary of the territory of Hawaii may, whenever satisfied that any person was born within the Hawaiian Islands, cause to be issued to such person a certificate showing that fact. It provides that the application shall be on sworn petition and accompanied by affidavits of witnesses, and that the secretary may examine under oath any applicant or persons cognizant of the facts regarding the application, and it further provides that any certificate so issued shall be prima facie evidence of the facts therein stated.

Two grounds may be suggested on which it should be held that there was no error in denying to the certificate a controlling effect on the hearing. In the first place, no act of the territory of Hawaii can avail to affect the laws of the United States in regard to the emigration of aliens. Williams v. United States, 137 U. S. 113, 11 Sup. Ct. 43, 34 L. Ed. 590. In the second place, assuming that the certificate of the secretary of the territory of Hawaii was, as the law declared it to be, prima facie evidence of the facts recited, there is in the record ample evidence to justify the immigration officers in ruling that the prima facie presumption was overcome. This was the conclusion of the court below, and we find no error therein. Lee Lung **v.** Patterson, 186 U. S. 168, 22 Sup. Ct. 795, 46 L. Ed. 1108.

The judgment is affirmed.