**WONG WING SING et ux. v. NAGLE, Commissioner of Immigration.**

(Circuit Court of Appeals, Ninth Circuit.   June 27, 1924.)

No. 4215.

Aliens ⬰32(2) —Chinese person, desiring to enter United States, not entitled to judicial hearing on claim of citizenship.

That Chinese person, seeking entry into United States, claims citizenship, does not entitle him to judicial hearing as to his right to enter.

Appeal from the District Court of the United States for the Second Division of the Northern District of California; John S. Partridge, Judge.

Application for habeas corpus by Wong Wing Sing and wife against John D. Nagle, as Commissioner of Immigration for the Port of San Francisco. From an order denying the writ, relators appeal.   Affirmed.

Lyman I. Mowry, of San Francisco, Cal., for appellants.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

RUDKIN, Circuit Judge.   This is an appeal from an order denying a petition for a writ of habeas corpus.   The appellants thus state their case:

"This is not the case of a Chinese person applying for admission into the United States for the first time upon the claim that he is a native born citizen; but it is the case of a Chinese person who had been regularly admitted into the United States as a native-born citizen, who had established a residence in the United States, who had not abandoned his residence, who left the United States for a temporary visit to China, and who upon his return applied for admission as a resident citizen of the United States, and supported his claim by proofs which showed that his claim was not frivolous."

Under these facts, the appellants contend that they were entitled to a judicial hearing on the question of citizenship.   In answer to a similar contention, in Ex parte Yoshimasa Nomura, 297 Fed. 191, this court said:

"The appellant makes the point that he was entitled to a judicial hearing on the question of his citizenship.   But the appellant is in the position of one who is stopped at the border seeking to enter the country, and his right is determinable without a judicial hearing, or a hearing other than that which was had."

The order is affirmed.