### Ex parte FONG CHOW OI.

(District Court, N. D. California, S. D. October 21, 1926.)

No. 19013.

**1. Aliens ⬅32(2).**

One claiming admission as returning native-born citizen under certificate showing pre-investigation of status on departure *held* not entitled to judicial determination of claim.

**2. Aliens ⬅32(4).**

Under District Court rule 133, excluded alien claiming admission as native-born citizen *held* not entitled to bail pending determination, even disregarding terms of Act May 5, 1892 (Comp. St. §§ 4315-4323).

At Law. Application of Fong Chow Oi for habeas corpus, after being denied admission as a returning native-born citizen. Order sustaining demurrer to petition, denying petition, and denying petition for release on bail pending final decision.

George A. McGowan, of San Francisco, Cal., for petitioner.

George J. Hatfield, U. S. Atty., and James D. Whalen, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

ST. SURE, District Judge. Petitioner, claiming to be entitled to admission as a returning native-born citizen of the United States, bearing form 430, was denied admission after hearings before a board of special inquiry, on the ground of failure to establish identity as the person to whom the certificate was issued. She appealed to the Secretary of Labor, and her appeal was denied. Habeas corpus was then applied for, and the matter submitted on briefs, since filed, the government having demurred to the petition. Applicant claimed to be the same Fong Chow Oi to whom a form 430 was issued on departure from San Francisco to China with her parents at the age of 4. The person seeking to return on the certificate is a girl 17 years of age.

[1] On the points made on petition, petitioner apparently did not strongly rely, as no brief was filed on her behalf on submission of the demurrer. The point has since been raised, however, with insistence, that, because petitioner claims as a citizen, with a certificate in her possession showing a preinvestigation of status on departure from the country, the usual administrative procedure is not applicable, and she is entitled to a judicial determination of her claim as an American citizen. If the case of United States v. Ju Toy, 198 U. S. 253, 25 S. Ct. 644, 49 L. Ed. 1040, is not fully determinative of the question, because of the lack in that case of the issue of predetermination of status, I feel that the decision of the Circuit Court of Appeals for the Ninth Circuit in Wong Wing Sing et ux. v. Nagle, 299 F. 601, is a complete answer to the question as raised here, and it is immaterial what form the preinvestigation on departure took within administrative fields.

It is therefore ordered that the demurrer to the petition for writ of habeas corpus be, and it is, sustained, the rule to show cause is dismissed, and the petition for writ of habeas corpus denied.

[2] Pending this determination, petitioner applied for release on bail. No action has been taken on this petition to date, and, because of the decision above, I take it none is necessary. If it were necessary, the petition would be denied on the basis of the status of the detained as defined in Wong Wing Sing et ux. v. Nagle, supra, and under rule 133 of this court. I am impressed with the idea that, if not absolutely powerless to admit to bail in this case (disregarding the prohibition in terms respecting Chinese by 27 Stat. L. 25 [Comp. St. §§ 4315–4323]), the right to do so is extremely doubtful. For an exhaustive discussion of the matter, see United States ex rel. Carapa v. Curran, 297 F. 946, 36 A. L. R. 877. See, also, In re Chin Own (D. C.) 242 F. 996, and, for the distinction between the rights involved on "deportation" and "exclusion," Ex parte Domingo Corypus (D. C.) 6 F.(2d) 336.

The formal record will show that the petition for release on bail is denied.