## UNITED STATES v. OLSON.
### No. 8851.

Circuit Court of Appeals, Eighth Circuit.
March 6, 1931.

O. A. Blanchard, Asst. U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S. Atty., and Chester L. Kraft, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for the United States.

Before STONE and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

STONE, Circuit Judge.

This is an appeal from a judgment denying recovery on a bond made to release from custody an alien under a deportation charge.

The only matter presented here is the claimed error of the court in denying recovery on the bond because the alien, who is named as principal in the bond, did not sign it, although appellee did.

A deportation proceeding is not of a criminal nature. Gambroulis v. Nash, 12 F. (2d) 49, 51, this court. This bond was given under the statute (USCA title 8, § 156), which does not require signature of the alien thereon, and is in the nature of a custody or delivery bond. It is a contract between the United States on one hand and the signers thereof on the other. Reese v. U. S., 9 Wall. 13, 18, 21, 19 L. Ed. 541; U. S. v. Zarafonitis (C. C. A. 5) 150 F. 97, 99, 10 Ann. Cas. 290. The thing sought to be accomplished by the bond was the delivery, by the signers thereof, of the alien for any hearings on the deportation charge. The signature of the principal neither added nor took away from the obligations of this undertaking. Ewing v. U. S., 240 F. 241, 252 (C. C. A. 6). This position is sustained by Ewing v. U. S., 240 F. 241 (6 C. C. A.); McClellan v. Pyeatt, 49 F. 259 (this court); Brockett v. Brockett, 2 How. 238, 11 L. Ed. 251; and many cases from the state courts.

Another reason why appellee cannot profit from this situation is that he secured the consideration moving from the United States (the release of the alien), and cannot now be heard to question his own obligation on which he secured this release. Hunt v. U. S., 61 F. 795, 800, this court.

The judgment is reversed and remanded for a new trial.