### UNITED STATES v. PIZZARUSSO.

Civ. No. 62.

District Court, D. Connecticut.

June 9, 1939.

Valentine J. Sacco, Asst. U. S. Atty. for District of Connecticut, of Hartford, Conn., for plaintiff.

FitzGerald, Foote & FitzGerald, of New Haven, Conn., for defendant.

MOSCOWITZ, District Judge.

This is a motion made by the defendant to dismiss the amended complaint. The complaint in this action is as follows:

"The complaint of the plaintiff respectfully shows to this Court:

"1. The United States of America, the complainant herein, is a corporation sovereign.

"2. The defendant herein is a resident of the City of New Haven, in the State of Connecticut.

"3. On the 13th day of June, 1936, Turner W. Battle, Assistant to the Secretary of Labor, being thereto duly authorized by law, issued a Department of Labor Warrant of Deportation No. 55916/412, directing the deportation of one Paolo Silverestri alias, an alien, as follows: 'Whereas, from evidence submitted to me it appears that the alien Paolo Silverestri, who entered this country at New York, N. Y. via SS 'Augustus' on the 24th day of March, 1933, has been found in the United States in violation of the immigration laws thereof, and is subject to be taken into custody and deported pursuant to the provisions of law, and for the following reasons: to wit: The Immigration Act of 1924, in that at the time of his last entry he was a quota immigrant not in possession of an unexpired quota immigration visa.'

"4. On April 2, 1937, the alien Paolo Silverestri alias, and the defendant Adelaide Pizzarusso, became bound as surety to the United States of America in the sum of Five Hundred ($500.00) Dollars conditioned that the alien Paolo Silverestri

alias: '* * * shall personally appear before the District Court of the United States in and for the District of Connecticut, on the 4th day of the May Term, 1937, to be begun and held at the City of Hartford, Connecticut, at 10:00 o'clock A. M. on the ―――― day of May A. D. 1937, and from day to day and from time to time thereafter, until finally discharged therefrom, then and there to answer the charge that on or about the 24th day of March 1933, within said district in violation of * * * he did unlawfully enter and has been found in the United States in violation of the Immigration Laws thereof and is subject to be taken into custody and deported pursuant to the provisions of law and for the following reasons to .wit, The Immigration Act of 1924 in that at the time of entering he was a quota immigrant not in possession of an .non-expired quota immigration visa, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the United States of America, and then and there abide the judgment of the said Court and not depart without leave thereof, then this Recognizance is to be void, otherwise to remain in full force and virtue.' as is more fully set forth in said recognizance attached hereto, and marked 'Exihibit A'.

"5. On April 2, 1937 a Writ of Habeas Corpus directed to the United States Marshal for the District of Connecticut and commanding Mary H. Ward, Commissioner of Immigration, and Laureat L. Martineau, Divisional Director of Immigration, and Almanza Tripp, Immigration Inspector, to 'bring the body of the said Paolo Silverestri, alias Silvestri, before this Court at. Hartford, Connecticut, on the 4th day of May, A. D. 1937, at 10 o'clock in the forenoon, with the cause of his being detained and imprisoned by the said Mary H. Ward, Commissioner of Immigration; Laureat L. Martineau, Divisional Director of Immigration; and Almanza Tripp, Immigration Inspector, or any other inspector within said District * * *' was duly signed by Judge Edwin S. Thomas, United States District Judge.

"6. Thereafter, on December 13, 1937 a Stipulation was entered into by Robert P. Butler, United States Attorney, and John M. Chapnick, Attorney for Petitioner, stipulating and agreeing as follows: 'It is hereby stipulated and agreed that the above mentioned Writ of Habeas Corpus may be dismissed without costs to either party, subject to the approval of this Court, in view of the fact that the petitioner intends to leave the United States voluntarily.'

"7. Said Writ was ordered withdrawn by Judge Edwin S. Thomas on December 13, 1937 and said Stipulation and Order were entered on December 14, 1937.

"8. On April 6, 1938 an Order to Show Cause directed to the defendant Adelaide Pizzarusso, and to her attorney, Anthony A. E. DeLucia, ordering the said Adelaide Pizzarusso and Anthony A. E. DeLucia to take action as follows:—

"'(1) To produce such alien in the District Court for the District of Connecticut, at Hartford, Connecticut, on Wednesday, April 14, 1938, at 10:00 A. M. in the forenoon and make known the reason for his failure to depart from this country voluntarily; or

"'(2) To furnish adequate proof that such departure to any country of his choice except "contiguous territory or adjacent islands" has been effected.

"'In default whereof, the bond filed with the Court in this proceeding, in the amount of $500.00, shall be declared forfeited according to law.'

"was duly filed in Court.

"9. On May 31, 1938 the bond abovementioned was called in open court before Judge Edwin S. Thomas and was declared breached for failure of the defendant, Adelaide Pizzarusso to prove that the alien, Paolo Silverestri alias, had departed from the United States of America to a country not of contiguous territory as agreed by the stipulation filed and by the Immigration Service.

"10. The defendant has never paid the amount of said recognizance, or any part thereof, although demand has frequently been made upon her.

"11. Plaintiff claims $800 damages together with costs of this action."

### Exhibit "A"

"Recognizance for Appearance Before
U. S. Court

"United States of America ⎱ ss. Hartford,
"District of Connecticut ⎰ April 2, 1937

"Be it Remembered, That on this 2nd day of April, A. D. 1937 before me, a United States Commissioner for the said District personally came Paolo Silverestri, alias Principal and Adelaide Pizzarusso, of

New Haven, Connecticut, Sureties and jointly and severally acknowledged themselves to owe the United States of America the sum of Five Hundred ($500.00) Dollars, to be levied on their goods and chattels, land and tenements, if default be made in the condition following, to-wit:

"The Condition of this Recognizance is such, that if the said Paolo Silverestri, alias Silvestri of Hartford, Connecticut Principal shall personally appear before the District Court of the United States in and for the District of Connecticut, on the 4th day of the May Term, 1937, to be begun and held at the City of Hartford, Connecticut, at 10:00 o'clock A. M. on the day of May, A. D. 1937, and from day to day and from time to time thereafter, until finally discharged therefrom, then and there to answer the charge that on or about the 24th day of March 1933, within said district in violation of * * .* he did unlawfully enter and has been found in the United States in violation of the Immigration Laws thereof and is subject to be taken into custody and deported pursuant to the provisions of law and for the following reasons to wit: The Immigration Act of 1924 in that at the time of entering he was a quota immigrant not in possession of an non-expired quota immigration visa, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the United States of America, and then and there abide the judgment of the said Court and not depart without leave thereof, then this Recognizance is to be void, otherwise to remain in full force and virtue.

"Paolo Silvestri    (Seal)
"Adelaide Pizzarusso   (Seal)

"Taken and acknowledged before me on the day and year first above written

"Anthony DeLucia
"Commissioner of the Superior Court.
"United States of America ⎫ ss. Affidavit
"District of Connecticut ⎭  of Surety.

"Adelaide Pizzarusso, a surety on the annexed recognizance, being duly sworn, deposes and says that she resides at 148 Wallace St., in the Town of New Haven of    in said District, that she is the owner of real estate in New Haven in the District of Connecticut, that she is worth at least the sum of Seven Thousand Five Hundred over and above all her just debts and liabilities, in property subject to execution and sale, and that his, her, property consists of real estate known as 148

Wallace St. and 103-105 Gerrish Ave., East Haven, Conn., located at   ι

."Affiant's Signature
"Adelaide Pizzarusso
"Sworn to and subscribed before me, this 2nd day of April, 1937.   .
"Anthony DeLucia
"Commissioner of the Superior Court."

The complaint was dismissed by one of the judges of this court on January 12, 1939. Permission was granted by the judge to amend the complaint. Such amendment has been filed.

■ The sole difference between the complaint and the amended complaint is the sixth paragraph of the amended complaint which reads as follows:

"6. Thereafter, on December 13, 1937 a Stipulation was entered into by Robert P. Butler, United States Attorney, and John M. Chapnick, Attorney for Petitioner, stipulating and agreeing as follows: 'It is hereby stipulated and agreed that the above mentioned Writ of Habeas Corpus may be dismissed without costs to either party, subject to the approval of this Court, in view of the fact that the petitioner intends to leave the United States voluntarily.'

"In the above Stipulation it was understood by the parties thereto that the words 'in view of the fact that the petitioner intends to leave the United States voluntarily' amounted to a condition in said Stipulation, which condition the petitioner was under a duty and obligation to fulfill."

The amendment adds nothing to the original complaint except the conclusion of the pleader. The condition of the bond has been fulfilled. Silverestri appeared pursuant to the order of the Court and in compliance with the terms of the bond. Upon stipulation of the United States Attorney and the attorney for Silverestri, the Court dismissed the Writ of Habeas Corpus. This discharged the bond.

■ Silverestri had been ordered deported by the Secretary of Labor. Under those circumstances, there is no power in the court to admit an alien to bail pending the hearing on a writ of habeas corpus. The power of Federal Courts to admit to bail is statutory. The Court, therefore, was without power to admit the alien held for deportation to bail pending the hearing on the writ of habeas corpus. United

States v. Curran, 2 Cir., 297 F. 946; Ex parte Fong Chow Oi, D.C., 15 F.2d 209; Prentis v. Manoogian, 6 Cir., 16 F.2d 422.

The Court may grant a writ of habeas corpus and discharge an alien ordered deported if the Secretary of Labor exceeds his powers in depriving the alien of his liberty. Even though there is no power in this Court to order bail pending the hearing on the writ of habeas corpus, such bond having been given, if the terms thereof were not complied with, there would be liability on the part of the surety. However, in this case, it appears that there was no violation of the terms of the bond. The amended complaint is dismissed. Settle order on notice.