## UNITED STATES ex rel. DE CICCO v. LONGO.

### Civil No. 768.

District Court, D. Connecticut.

June 15, 1942.

See, also, 46 F.Supp. 170.

Pasquale R. Ierardi, of Hartford, Conn., George Di Cenzo, of New Haven, Conn., and Edward Mascolo, of Waterbury, Conn., for De Cicco.

Robert P. Butler, U. S. Atty., and Valentine J. Sacco, Asst. U. S. Atty., both of Hartford, Conn., and David Schwartz, Sp.

Asst. to Atty. Gen., of Washington, D. C., for the Government.

SMITH, District Judge.

Relator is held in custody under a presidential warrant following an order of the Attorney General in accordance with the Alien Enemy Act, Title 50 U.S.C.A. § 21, and presidential proclamations No. 2525 of December 7, 1941, and No. 2527 of December 8, 1941. Pending the decision on the writ of habeas corpus, relator moves to be admitted to bail. The motion must be denied. Detention under the Alien Enemy Act is not detention in a criminal proceeding and under these circumstances there is no power in the Court to admit to bail pending the decision on a writ of habeas corpus. Whether the courts shall be granted the power to admit to bail pending decision on a writ of habeas corpus, based on the claimed American citizenship of persons held in custody under the Alien Enemy Act, is a question of legislative policy within the powers of the Congress. Detention during the time required to determine the fact of citizenship, initially and on appeal, is a hardship on the individual. It is for the Congress in its consideration of legislation to balance that hardship to the individual against the possible damage to the public in time of war by release during that period of one who has been found by the executive to be a dangerous enemy alien. In the absence of express statutory authority, the granting of bail in this case is not within the power of this Court, particularly in view of the opinion of the Circuit Court of Appeals of this Circuit in the Curran case, infra. See opinion of Judge Moscowitz filed June 9, 1939, United States v. Pizzarusso, 28 F.Supp. 158, in this Court, citing United States v. Curran, 2 Cir., 1924, 297 F. 946, 36 A.L.R. 877; Ex parte Fong Chow Oi, D.C.Cal.1926, 15 F. 2d 209; Prentis v. Manoogian, 6 Cir., 1926, 16 F.2d 422, cases involving an analogous situation, habeas corpus brought to test the legality of the detention of persons as aliens under the immigration law. A discussion of the rule may be found in United States v. Sisson, D.C., 220 F. 538, 540, 541, in which Judge Learned Hand stated: "A question has also been raised of bail pending an appeal. This matter has been the subject of a confusion which it seems to me the subject does not justify. A writ of habeas corpus does not put the relator into the custody of this court. It does not assume to disturb the custody of the person then detaining the relator. It requires his production and examines the legality of the custody. This court has no proper power to enlarge the relator while the inquiry proceeds, and less power to do so after the writ has been dismissed. If the writ be sustained, and the prisoner discharged, then the court might provide for bail to insure his appearance if the ruling were reversed, but only in that case. Till the writ be sustained, the question of bail depends entirely upon the rules regulating the relator's custody where he already is."

The motion to admit to bail is denied.