**BONGIOVANNI v. WARD, Com'r of Immigration.**

No. 5926 Misc. Civil.

District Court, D. Massachusetts.

May 19, 1943.

John J. Cronin, of Boston, Mass., for petitioner.

Ralph F. Roach, of Boston, Mass., for surety and indemnitors.

Edmund J. Brandon, U. S. Atty., and Alfred G. Malagodi, Asst. U. S. Atty., both of Boston, Mass., for respondent.

FORD, District Judge.

These are two motions: (1) To default the surety, the Massachusetts Bonding and Insurance Company; and (2) for judgment against the surety on its bond.

The stipulated facts are as follows:

On September 6, 1938, Sebastian Bongiovanni filed a petition for a writ of habeas corpus in the District Court for the District of Massachusetts, alleging that he was being unlawfully detained by the United States Commissioner of Immigration at Boston and had been ordered deported. The matter was heard September 20, 1938, on return of a summons to show cause (cf. Walker v. Johnston, 312 U.S. 275, 284, 61 S.Ct. 574, 85 L.Ed. 830), the writ was denied and the petitioner was admitted to bail in the sum of $1,000 with surety pending appeal. The appeal was never perfected and was dismissed on January 10, 1939. After notice to Bongiovanni and the surety to appear in court on January 30, 1939, Bongiovanni failed to appear and was defaulted. No default was ever entered against the surety. Bongiovanni was subsequently taken into custody and deported to Italy on February 25, 1939. The case involving the petition for the writ of habeas corpus was dismissed without prejudice and without costs for lack of prosecution on January 2, 1942. On March 2, 1942, a motion to restore the case to the docket was granted. On May 1, 1942, this motion to default the Massachusetts Bonding and Insurance Company, as surety, was filed together with a motion for judgment against the surety. Writ of scire facias abolished, Rule 81(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

Though the cases are somewhat clouded by confused discussion, the weight of authority seems to be that a federal court, in the absence of statutory authority, has no power to admit to bail. United States ex rel. De Cicco v. Longo, D.C., 46

F.Supp. 169; In re Hanoff, D.C., 39 F.Supp. 169, 171 ff.; United States v. Pizzarusso, D.C., 28 F.Supp., 158; United States ex rel. Carapa v. Curran, 2 Cir., 297 F. 946, 950 ff., 36 A.L.R. 877; 9 Hughes, Federal Practice, § 6942; 8 C.J.S., Bail, § 5; 6 Am.Jur., Sec. 12; and see Prentis v. Manoogian, 6 Cir., 16 F.2d 422, 423. In deportation cases an alien may be released on bail pending the final disposition of the case, in the discretion of the Attorney General. 8 U.S.C.A. § 156. There is no statutory authority given to the courts to admit an alien to bail in such a case. Thus, this court was without power to enlarge Bongiovanni on bail. And even assuming, arguendo, that a court has inherent power to admit to bail (see dicta in Wright v. Henkel, 190 U. S. 40, 63, 23 S.Ct. 781, 47 L.Ed. 948, and Moraitis v. Delany, D.C., 46 F.Supp. 425, 432), the same conclusion is reached here. The custody of the Commissioner of Immigration then detaining the petitioner was never disturbed; the filing of the petition for a writ of habeas corpus and the hearing on return of a summons to show cause did not place the petitioner into the custody of the court. The court had no power to release Bongiovanni on bail. See and cf. United States ex rel. Ng Hen et al. v. Sisson, D.C., 220 F. 538, 540, and see dictum at page 541, idem, where it is not exactly clear upon what reasoning or authority the court reaches its conclusion that where a writ is sustained, the court may provide bail. Possibly the court is saying that in such a case the relator would be in the custody of the court and the latter would have inherent authority to admit to bail.

Some cases intimate that the surety is estopped from denying the validity of the bail bond after securing the release of the principal. United States v. Olson, 8 Cir., 47 F.2d 1070; and see United States v. Pizzarusso, supra.[1] However, the proper view is that a bail bond taken without authority is void and does not bind the principal or his sureties. United States v. Hudson, D.C., 65 F. 68, 73, and cases cited; 34 A.L.R. 612–624; 6 Am.Jur., Sec. 105; 9 Hughes, Federal Practice, § 6942, note 75.

The motion for judgment is denied. In this view, there is no need of passing upon the motion to default the surety. Cf. United States v. Mack, 295 U.S. 480, 488, 55 S.Ct. 813, 79 L.Ed. 1559.

---

[1] The cases estopping the surety rely on Hunt v. United States, 8 Cir., 61 F. 795, where there was an irregularity in the formality of acknowledging the bond. The sureties were estopped from asserting the irregularity. The Circuit Court of Appeal for the Eighth Circuit affirming the decision in the Hunt case (63 F. 568), in denying petition for a rehearing, stated that it was doubtful whether there was any irregularity at all, and that even supposing there was, it was merely an irregularity in acknowledging the bond and not a case where a person unauthorized to take bail for a particular offense did so on his own motion. The Circuit Court intimated that ir the latter case the bail bond would be null and void and the sureties could not be estopped from asserting the invalidity.