## Ex parte LEE FONG FOOK.
### No. 27790.

District Court, N. D. California, S. D.
Jan. 23, 1948.

G. C. Ringole, of San Francisco, Cal., for Lee Fong Fook.

Frank J. Hennessy, U. S. Atty., and Edgar R. Bonsall, Asst. U. S. Atty., both of San Francisco, Cal., for respondent.

GOODMAN, District Judge.

On August 25, 1947, petitioner arrived at the Port of San Francisco aboard the steamship General Meigs on a return trip from China. He was refused entry to the United States by Immigration officials, and ever since arrival has been and still is detained in their custody. While he was in such detention, an Immigration Board of Special Inquiry (8 U.S.C.A. § 153) conducted hearings on a number of different days in October and November of 1947, at all of which petitioner was represented by counsel of his choosing. On December 1, 1947, the Board of Special Inquiry denied petitioner admission into the United States on the ground that he was an alien not eligible for admission. Immigration Act of 1924, Sec. 13, 8 U.S.C.A. § 213. Thereupon petitioner entered an appeal to the Commissioner of Immigration and Naturalization. Pending the appeal and on December 8, 1947, petitioner filed a petition for writ of habeas corpus in this court. Therein petitioner alleged that he was an American citizen by birth and that the respondent was unlawfully restraining him of his liberty. For the purpose of inquiring into the cause of the alleged restraint of liberty, (28 U.S.C.A. § 452) the Court issued a writ of habeas corpus and directed respondent to produce the body of the petitioner at a date fixed in the writ. Respondent complied with the writ and also filed a return in which the proceedings of the Board of

Special Inquiry and the evidence there considered were set out. No evidence was presented to the Court upon the hearing, except the affidavit of petitioner's counsel in support of his application for release pending the administrative proceedings before the Immigration authorities, and the cause was submitted upon the petition, the return, the traverse thereto, and upon briefs to be filed, all of which are now before the Court.

There is no dispute about the following facts:

At least from early childhood, petitioner was continuously a resident of the United States. On September 23, 1942, he was inducted into the United States Army. On February 10, 1943, he was honorably discharged from the Armed Forces. His certificate of discharge recites that he was born in San Francisco, State of California, and was 41½ years of age at time of enlistment. His army service was entirely in the United States. On August 14, 1944, he obtained in the Superior Court of the State of California, in and for the City and County of San Francisco, under the provisions of the Health and Safety Code of the State of California, Sections 10600 et seq., an order of said court establishing the fact that he was born on the 6th day of April, 1901, in San Francisco, California. On December 2, 1946, United States Passport No. 159067 was issued to petitioner by the State Department of the United States wherein it was stated that he was an American citizen. Thereupon petitioner left the continental United States for a visit to China. Upon his attempted re-entry on August 25, 1947, the passport as well as certified copies of his Army discharge and the State Court order establishing birth were tendered to the Immigration officials as evidence of his right to re-enter the United States.

■ At the hearings conducted by the Board of Special Inquiry, the petitioner and his wife, whom he had married on his visit to China, as well as the witness who testified on petitioner's behalf in the State Court proceeding to establish his birth, were questioned. The testimony raised an issue as to whether petitioner had in fact been born in the United States. The Board of Special Inquiry determined this issue adversely to petitioner. This was clearly within the power of the Immigration Authorities. Petitioner was not entitled to a judicial hearing as to his right to admission. Wong Wing Sing et ux. v. Nagle, 9 Cir., 299 F. 601; Ex parte Yoshinasa Nomura, 9 Cir., 297 F. 191; Ex parte Fong Chow Qi, D.C.Cal. 15 F.2d 209.

■ I. At the hearing in this Court, petitioner contended, as he did through his counsel before the Board of Special Inquiry, that the decree of the Superior Court of the State of California has established petitioner's birth in the United States, and that it was beyond the authority and power of the immigration officials to pursue any inquiry as to the decree's validity. The argument of the petitioner in this regard is that the State Court decree is an adjudication of petitioner's citizenship by which the United States is bound under the Full Faith and Credit provision of the Constitution, Const. Art. IV, as extended by statute to the Federal Courts. 28 U.S.C.A. § 687.

Neither reason nor authority support this contention.

■ The proceeding authorized by California state law for the establishment of the fact of birth is not an adversary proceeding, save and except that the statute requires that notice of the hearing be given to the District Attorney of the county wherein the hearing is had. The United States not being a party to such proceeding, nor having consented thereto, is not bound by the state court adjudication. Particularly is this so as to the administration of laws of the United States, which it alone enforces. Const. Art. I, Sec. 9, Clause 1. If the California Court had granted petitioner a decree of naturalization, pursuant to its authority so to do expressly granted by Congress (54 Stat. 1140, 8 U.S.C.A. § 701), then of course such a decree would be fully binding on the United States and could only be attacked in the manner provided by Federal Statute. 8 U.S.C.A. § 738. But jurisdiction to adjudicate the citizenship status of a United States resident has never been conferred by Congress

on state courts. Consequently, any state court judgment purporting to exercise that jurisdiction cannot to that extent, claim of the Federal Courts full faith and credit.

■■ The state court decree establishing birth is no more conclusive upon the United States as to citizenship or as to the right of entry into the United States than would be the finding of a state court in a proceeding between private litigants wherein it might be necessary or proper in deciding property or personal rights, to find the date or place of birth of one of the litigants before the court. In my opinion the decree of the state court is evidence of petitioner's birthplace but not conclusive proof of his citizenship. The United States has the full right to inquire into the facts upon which American citizenship is claimed, when entry into the United States is sought; and the burden of proving that citizenship is upon the person seeking entry.[1] If this were not so, the doors would be wide open to fraud upon the part of entrants in the claim of citizenship or fraud in obtaining state decrees as to birth.[2] Lee Leong v. United States, 9 Cir., 217 F. 48; Ex parte Wilson Seen Lee, D.C., 49 F.2d 468.

Hence the claim that the petitioner should be unconditionally released from custody, upon the ground of the conclusiveness of the state court decree, is rejected.

■ II. In further support of his claimed right to unconditional release from custody, petitioner contends that he was not accorded due process by the Immigration Authorities in that he was not represented by counsel at the preliminary investigation and because of the admission at the hearing before the Board of Special Inquiry of alleged incompetent and improper evidence. These contentions, however, are premature, inasmuch as the administrative proceedings have not yet been completed. The writ will not generally lie as to errors or irregularities in administrative proceedings themselves until petitioner has fully pursued the administrative remedies provided by law. United States v. Sing Tuck, 194 U.S. 161, 24 S.Ct. 621, 48 L.Ed. 917; United States ex rel. Loucas v. Com'r of Immigration, D.C., 49 F.2d 473. Final determination may be favorable to petitioner or a rehearing may be ordered, thus providing an opportunity for correction of any possible errors theretofore committed. Primarily, however, any such errors or irregularities must be viewed against the background of the entirely completed administrative proceedings before it can be determined judicially whether or not they have in fact impaired the fairness and due process of such proceedings.

■ III. In his petition for the writ, petitioner claimed that because of his confinement by the immigration officials, he was unable to obtain witnesses on his behalf and he prayed to be released on bail until the final determination of the administrative and court proceedings. But at the hearing before this Court when the cause was submitted, petitioner withdrew this plea. However, this contention was re-asserted in petitioner's briefs and the issue thus raised was argued by both sides. Under the special circumstances of this case and in furtherance of justice in the conduct of the attacked administrative proceeding, it should be decided.

Petitioner is not an alien seeking entry to the United States for the first time. Indisputably he has lived in the United States continuously from very early youth. He served honorably in the armed forces. He was accepted in the armed forces as an American citizen. He could have resided here, citizen or not, the rest of his life. He is entitled at least to the presumption that he is a citizen of the land in which he resided. Shelton v. Tiffin, 47 U.S. 163, 6 How. 163, 12 L.Ed. 387; Ex parte De-

---

[1] Upon his attempted entry, petitioner was subject to the immigration laws as if he had never resided in the United States. (United States ex rel. Stapf v. Corsi, 287 U.S. 129, 53 S.Ct. 40, 77 L.Ed. 215.)

[2] The record here shows that the sole witness for the petitioner in the state court proceedings to establish birth, there testified to having seen petitioner immediately after he was born in San Francisco in 1901. This same witness later testified before the Immigration Authorities that he saw petitioner for the first time in 1911 or 1912 when the latter was about three or four years old.

laney, D.C., 72 F.Supp. 312. By the happenstance of his visit to China and his attempted re-entry, he may never be permitted to cross the barrier into the land where he has lived so long and which he has honorably served. By this same happenstance, he must prove his American citizenship in order to pass the barrier. He must reach into the remote past. In justice to him, he should have some liberty, if the circumstances warrant it, to obtain witnesses to prove the fact, if it be such, of his birth.[3]

 These and similar considerations have prompted courts, to recognize power in themselves, independent of statute, to grant in habeas corpus proceedings, temporary release to persons detained by government authorities for deportation. In re Lum Poy, C. C., 128 F. 974; Principe v. Ault, D.C., 62 F.Supp. 279; Wright v. Henkel, 190 U.S. 40, 23 S.Ct. 781, 47 L. Ed. 948. Such courts have spoken of this type of liberty as "release on bail." This, in my opinion, is not wholly accurate. For to release on bail is to unnecessarily usurp and invade the reach of the writ of habeas corpus. Nor need the power of the court to grant such form of release be sought in the law of recognizance. For the habeas corpus statute itself empowers a Federal Judge to make such order as justice and law requires. 28 U.S.C.A. § 461. Therefore, wherever circumstances impel the conclusion that due process in any particular administrative immigration proceeding cannot be achieved without allowing the detained person some liberty of action wherewith to fully prepare his case, temporary release for that particular purpose has statutory sanction. Release from restraint under writ of habeas corpus need not be full or unconditional. The type and character of such release may in itself be less or different than complete release.[4]

It is my opinion that the court, under 28 U.S.C.A. § 461, has power to grant conditional or partial release from restraint wherever required by the circumstances of the case in order to cure a mischief not otherwise reachable, which would to any extent taint the detention with unfairness. And if detention during the course of the administrative proceedings is of the essence of such unfairness, it would be unjust to await termination of the proceedings in reliance upon the concept that the petitioner might finally prevail.

For the reasons heretofore stated, the unconditional release of petitioner from the custody of the Immigration Officials is refused without prejudice.

The respondent is ordered to produce the petitioner in Court on Monday, February 2, 1948 at 2 o'clock p. m. for a hearing to determine whether petitioner should be released upon such conditions and for such a period of time as may be proper and in furtherance of justice.

---

[3] Although the proceedings before the Board of Special Inquiry have been concluded, the case may be reopened for the taking of additional evidence. (Immigration and Nationality Laws and Regulations, Sec. 136.5, 136.6)

[4] E.G., the writ of habeas corpus ad prosequendum and the writ of habeas corpus ad testificandum each contemplate a release for a limited purpose, without full discharge from custody. Likewise, in habeas corpus proceedings, prisoners serving under defective sentences have been ordered returned to the district where convicted for correction of sentence. See Bledsoe v. Johnston, D.C., 58 F.Supp.129.