## UNITED STATES ex rel. KWONG HAI CHEW v. COLDING et al.

### THE SIR JOHN FRANKLIN.

### No. 1528.

United States District Court
E. D. New York.

June 26, 1951.

Ira Gollobin, New York City, for relator. Carol King, New York City, of counsel.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for respondent, Edward J. Shaughnessy. Morris K. Siegel, Asst. U. S. Atty., Brooklyn, N. Y., Louis Steinberg, District Counsel, United States Department of Justice, Immigration and Naturalization Service, Oswald I. Kramer, Atty., United States Department of Justice, Immigration and

Naturalization Service, New York City, of counsel.

GALSTON, District Judge.

This is a motion by the relator for an order authorizing his release on bail pending the hearing and determination of the appeal from the dismissal by this court of the relator's petition for a writ of habeas corpus, D.C., 97 F.Supp. 592.

The relator, an alien, seeking re-admission to the United States upon his return from a foreign port, was excluded by the immigration authorities as an alien whose entry was deemed prejudicial to the public interest. The Attorney General, upon reviewing his case, denied a hearing before a board of special inquiry because in his judgment the disclosure of the information upon which he based his affirmation of the exclusion order would be prejudicial to the public interest. This court, in an order filed May 21, 1951, dismissed the writ of habeas corpus on the ground that there was no jurisdiction to review the order of the Attorney General. The facts are fully set forth in my opinion, filed May 11, 1951.

The Court of Appeals for this Circuit has ruled that the District Court has the power, in deportation proceedings, to admit a petitioner to bail pending his appeal from an order dismissing a writ of habeas corpus, United States ex rel. Paetau v. Watkins, 2 Cir., 1947, 164 F.2d 457, 460. The authority cited by the court was Supreme Court Rule 45, par. 2 (repeated in Rule 8(b) of the Court of Appeals), which states: "2. Pending review of a decision discharging a writ of habeas corpus after it has been issued, the prisoner may be remanded to the custody from which he was taken by the writ, or detained in other appropriate custody, or enlarged upon recognizance with surety, as to the court or judge rendering the decision may appear fitting in the circumstances of the particular case." 28 U.S.C.A.

The cases in which the Court of Appeals has recognized the authority to admit to bail have been cases dealing with the deportation of persons who have gained entry into the United States. United States

ex rel. Paetau v. Watkins, supra; United States ex rel. Potash v. District Director of Immigration and Naturalization at Port of New York, 2 Cir., 1948, 169 F.2d 747. Moreover, in these cases it was held that the administrative action under attack was subject to judicial review. The case at bar, however, is one dealing with the exclusion of an alien; and, as declared by the Supreme Court in United States ex rel. Knauff v. Shaughnessy, 338 U.S. 537 at page 543, 70 S.Ct. 309, at page 312, 94 L.Ed. 317: "Whatever the rule may be concerning deportation of persons who have gained entry into the United States, it is not within the province of any court, unless expressly authorized by law, to review the determination of the political branch of the Government to exclude a given alien."

In United States ex rel. Doyle v. District Director of Immigration and Naturalization at Port of New York, 2 Cir., 1948, 169 F.2d 753, in considering the five cases presented for determination therein, the recital of the facts by the court discloses that the District Court concluded that there was no power in the court to review the action of the Attorney General in denying bail pending deportation proceedings. Thus, in effect, the District Court ruled that it had no jurisdiction to review the administrative action. However, in four of the cases, the District Court admitted the relators to bail pending appeal, and the Court of Appeals approved the action taken by the District Court in admitting to bail pending appeal. But cf. United States ex rel. De Cicco v. Longo, D.C.Conn.1942, 46 F.Supp. 169.

Section 2241 of Title 28, U.S.C.A., provides that

"(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions. * * *

"(b) * * *.

"(c) The writ of habeas corpus shall not extend to a prisoner unless—

"(1) He is in custody under or by color of the authority of the United States * * *."

There is no question that the relator here is in custody under the authority of the United States. This court had jurisdiction to grant the writ of habeas corpus if it had found that the custody was unlawful. The writ, however, was dismissed; not because the court agreed with the administrative and executive determination that the relator's entry into the United States was prejudicial to the public interest, but because it concluded that in view of the Knauff case there was no jurisdiction to review the action taken by the Attorney General.

 As noted, the Supreme Court has made it clear that where the action of a responsible executive officer of the government, such as the Attorney General, is made final and conclusive, it is not within the province of the judiciary to question or supervise the action. United States ex rel. Knauff v. Shaughnessy, supra; Ludecke v. Watkins, 335 U.S. 160, 68 S.Ct. 1429, 92 L. Ed. 881. The facts which form the basis for the Government's assertion that the relator's entry into the country would endanger the public security, are not disclosed to the court. Consequently, the court cannot assess their weight or credibility, but must accept the truth of the charge asserted without question.

Even where the court has jurisdiction to review the action of the Attorney General, among the factors which must be considered in determining whether there has been an abuse of discretion on his part in refusing bail pending deportation proceedings are the probability of the alien being found deportable, the seriousness of the charge against him if proved, and whether the alien's presence within the community would be a danger to the public safety. United States ex rel. Potash v. District Director of Immigration and Naturalization, supra, 169 F.2d at page 751. Here the Government's charge that the relator should be excluded, the seriousness of the charge, and the assertion that there is such danger, must be accepted at face value. Therefore, even if this court has the authority to admit the relator to bail pending appeal, as "may appear fitting in the circumstances of the particular case", the circumstances here require that the exercise of the court's discretion be confined within rather narrow limits. Granting of bail would, in effect, require the court to ignore the serious charges being pressed by the Government. Indeed a most illogical situation would arise if this court were to grant bail in this case, for it would mean that the relator, at least temporarily, would not be excluded from this country. In effect that would modify the order of the Attorney General, and this court has no power to do that. Where, as here, the executive branch of the government is authorized to exercise the power of exclusion of aliens for the best interests of the country during a time of national emergency, to ignore the determination of the executive, which determination is not subject to judicial review, would constitute an abuse of discretion.

It may be noted too that there is no showing here, as there was in the deportation cases, of a refusal by the Attorney General to grant bail.

In view of the foregoing, therefore, the relator's motion is denied.