## UNITED STATES ex rel. KWONG HAI CHEW v. COLDING et al.

### The SIR JOHN FRANKLIN.

No. M–1528.

United States District Court
E. D. New York.

July 11, 1952.

Frank J. Parker, U. S. Atty., Brooklyn, N. Y., for respondents-appellees, by Irving P. Kartell, Brooklyn, N. Y., of counsel.

Ira Gollobin, New York City, for relator-appellant, by Carl S. Stern, New York City, of counsel.

BYERS, District Judge.

The relator seeks release on bail pending the hearing and determination of the writ of certiorari heretofore (April 28, 1952) granted in this case. Apparently he relies on the argument that since certiorari has been granted, there is reason to believe that the order of this Court denying the writ and the affirmance thereof by the Court of Appeals, are so far brought into question that the earlier action of this Court, 98 F.Supp. 717, in denying bail should be disregarded and the present application should be decided without regard thereto. The opposing affidavit does not refer to the subject but the respondents' brief states:

"Concomitantly with an application for stay of deportation and mandate, Relator-Appellant moved the Court of Appeals for this circuit for release on bail pending review by the Supreme Court and the application for release on bail was denied."

The foregoing will be assumed to be accurate for the purpose of this decision.

The language of Supreme Court Rule 45, subdivision 2, 28 U.S.C.A., is:

"2. Pending review of a decision discharging a writ of habeas corpus after it has been issued, the prisoner may be remanded to the custody from which he was taken by the writ, or detained in other appropriate custody, or enlarged upon recognizance with surety, as to the court or judge rendering the decision may appear fitting in the circumstances of the particular case."

The foregoing language and the cases of York ex rel. Davidescu v. Nicolls, 1 Cir., 159 F.2d 147 and U. S. ex rel. Paetau v. Watkins, 2 Cir., 164 F.2d 457 are clearly to the effect that the power to admit the relator to bail resides in this Court, and the question for decision is the narrow one of whether the granting of certiorari should dispose the Court to overrule the decision of Judge Galston, 98 F.Supp. 717, and to ignore the action of the Court of Appeals to the same effect.

Subdivision 4 of Supreme Court Rule 45 reads as follows:

"4. The initial order respecting the custody or enlargement of the prisoner pending review, as also any recognizance taken, shall be deemed to cover not only the review in the intermediate appellate court but also the further possible review in this court; *and only where special reasons therefor are shown to this court will it disturb that order, or make any independent order in that regard.*" (Italics supplied.)

It would seem that the concluding phrase applies to this case and if the Supreme Court had perceived "special reasons" for superseding the order denying bail, it would have so indicated in granting the writ.

For the petitioner it is urged that the case of U. S. ex rel. Mezei v. Shaughnessy, 2 Cir., 1952, 195 F.2d 964, should be deemed to have rendered questionable the earlier decision denying the application for bail, and that it is no longer true that this Court should accept at face value the conclusion of the Attorney General that the relator's entry into the United States would endanger the public safety.

A careful consideration of the Mezei case does not sustain that argument. While it is true that he was being excluded rather than deported, it is also true that he was refused admission on two occasions into France, the country from which he had come, and negotiations for his return to Hungary conducted by the State Department were unsuccessful, the result being that the Court considered him to be subject to indefinite confinement; the dissenting opinion emphasizes the distinction between deportation and exclusion. In order to bring himself within the facts of the Mezei case, this petitioner would have to show that he has unsuccessfully endeavored to return to China, and there is no assertion to that effect in his motion papers.

From all of which it appears that the motion must be denied, but without prejudice to any application to the Supreme Court of which the petitioner may be advised.